IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ANGEL PIMENTEL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | NO. 3:24-cv-00948 |
| v. ) | |
| ) | JUDGE RICHARDSON |
| WORLD FINANCIAL GROUP ) | |
| INSURANCE AGENCY, LLC, ) | |
| ) | |
| Defendant. | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court are Defendant's motion to compel arbitration (Doc. No. 17, "Motion") and the parties' stipulation of dismissal without prejudice (Doc. No. 21, "Stipulation"). Defendant filed the Motion on September 6, 2024 with an accompanying memorandum in support (Doc. No. 18, "Memorandum"). Plaintiff then filed a motion for extension of time to file a response (Doc. No. 19) on September 12, 2024 to which Defendant filed a response in opposition (Doc. No. 20) on September 16, 2024. The parties then jointly filed the Stipulation on October 21, 2024. For the following reasons the Motion is GRANTED and Plaintiff's claims are DISMISSED without prejudice.

The Stipulation states the following:

1. Plaintiff does not oppose Defendant's pending motion to compel arbitration.

2. Plaintiff agrees to voluntarily dismiss this matter without prejudice with each Party bearing their own costs and fees associated with this matter.

3. The Parties agree that any dispute arising out of Plaintiff's relationship with Defendant shall be subject to binding arbitration and governed by the July 24, 2023, Mutual Agreement to Arbitrate Claims Agreement executed between the Parties.

(Doc. No. 21 at 1). The Stipulation, signed by counsel for both parties, makes clear that Plaintiff does not oppose Defendant's motion to compel arbitration, agrees to voluntarily dismiss this matter without prejudice and agrees that the dispute shall be subject to binding arbitration governed by the July 24, 2023, Mutual Agreement to Arbitrate Claims Agreement executed between the parties.

The Court finds that the submission of the Stipulation is sufficient to support the granting (without opposition) of Defendant's pending Motion and, accordingly dismiss the case without prejudice. The Court notes that the recent Supreme Court case *Smith v. Spizzirri*, 601 U.S. 472 (2024) touched on topics related to this case. In *Spizzirri* the Supreme Court held that "When a federal court finds that a dispute is subject to arbitration, and a party has requested a stay of the court proceedings pending arbitration, the court does not have discretion to dismiss the suit on the basis that all the claims are subject to arbitration." *Spizzirri* at *475-76. The Supreme Court found that if a party requests a stay the court "must do so." *Spizzirri* at *476. In the present instance, however, neither party has requested a stay of the proceedings. Rather, they have jointly agreed that Plaintiff will voluntarily dismiss the matter without prejudice. Therefore, this Court is not required to stay the proceedings instead of dismissing the claims.

Accordingly, Defendant's Motion (Doc. No. 17) is GRANTED, and Plaintiff's claims are DISMISSED without prejudice subject to the parties' right to move to re-open this case for entry of an arbitration award or for any other relief to which the parties may be entitled. Plaintiff's motion for extension of time to file a response (Doc. No. 19) is DENIED as moot.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE